UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYON JAQUE BROWN,

        Petitioner,         Case No. 1:09-cv-696

v.         Honorable Gordon J. Quist

KENNETH McKEE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is incarcerated in the G. Robert Cotton Correctional Facility. On December 9, 2005, Petitioner pleaded guilty in the Berrien County Circuit Court to armed robbery. Petitioner was sixteen-years-old at the time of the offense, but his case was waived from the juvenile court to the circuit court. At the plea hearing, Petitioner admitted that he and his co-defendant, Cecil Huston, robbed Jacqueline Flanagan in the parking lot of a Sears store in Benton Township on February 12, 2005. (Def.-App. Br. in Supp. of App. for Leave to Appeal, 1-2, docket #1-4.) Both Petitioner and Huston were armed with black BB guns that looked like pistols. (*Id.*) Huston pointed his gun at Flanagan's face, while Petitioner held his gun to his side where Flanagan could see it. (*Id.*) Petitioner got into the passenger side of Flanagan's car and took her purse, which contained her wallet. (*Id.*) Petitioner intended to permanently deprive Flanagan of her purse and its contents. (*Id.*) Petitioner also admitted at the plea hearing that he was on parole for assault with intent to rob while armed. (*Id.*) In exchange for the plea, the prosecutor dismissed a carjacking charge, an habitual offender supplement, as well as other charges unrelated to this case. The plea agreement also included a provision that Petitioner would receive a minimum sentence of not more than 200 months. The trial court sentenced Petitioner on January 9, 2006 to imprisonment of 200 to 600 months.

Petitioner raised the following claim in his applications for leave to appeal before the Michigan Court of Appeals and the Michigan Supreme Court:

> I. THE TRIAL COURT VIOLATED THE UNITED STATES AND MICHIGAN CONSTITUTIONS AND REVERSIBLY ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM OF 200-600 MONTHS ON THE ARMED ROBBERY CONVICTION.

The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on January 10, 2007 and June 26, 2007, respectively.

Petitioner filed a motion for relief from judgment in the Berrien County Circuit Court on or about February 12, 2008, raising the following two claims:

I. THERE WAS INSUFFICIENT EVIDENCE TO SHOW DEFENDANT WAS A LEADER THUS OV 14 WAS SCORED ERRONEOUSLY AND DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE AN OBJECTION.

   (A) THE SCORING OF OV 14 WAS ERRONEOUS.

   (B) BOTH OFFENDERS WERE SCORED 10 POINTS FOR OV 14 IN CONTRADICTION OF THE INSTRUCTIONS FOR THIS VARIABLE.

   (C) DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE AN OBJECTION TO THE ERRONEOUS SCORING OF OV 14.

II. DEFENDANT-APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON APPEAL.

The circuit court denied his motion on April 18, 2008. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on November 24, 2008 and May 28, 2009, respectively, because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

In his application for habeas corpus relief, Petitioner raises the same three claims raised in the Michigan courts in his direct appeal and motion for relief from judgment.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The

AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably

refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

**Discussion**

I. THE TRIAL COURT VIOLATED THE UNITED STATES AND MICHIGAN CONSTITUTIONS AND REVERSIBLY ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM OF 200-600 MONTHS ON THE ARMED ROBBERY CONVICTION

Petitioner asserts various violations of his state and federal rights arising from his sentence of 200 to 600 months for his armed robbery conviction. First, Petitioner contends that the trial court failed to impose a sentence that was proportionate to the offense and the offender in violation *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990). Under *Milbourn*, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). A federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005);

*Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, Petitioner's claim based on *Milbourn* is not cognizable in a habeas corpus action.

Petitioner also contends that his sentence violates his Eighth Amendment right against cruel and unusual punishment and the Michigan constitutional provision prohibiting cruel and unusual punishment. For the reasons stated above, the alleged violation of the Michigan constitution is not cognizable for purposes of habeas corpus review. With regard to his Eighth Amendment claim, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

Petitioner further asserts that his due process rights were violated because the trial court did not have complete and accurate information when sentencing him. While the trial court had the benefit of a Presentence Investigation Report (PSIR), Petitioner contends that the court should have ordered an additional psychological report under MICH. CT. R. 6.425(A)(5)[1] for purposes of assessing Petitioner's rehabilitative potential. To the extent Petitioner argues that the failure to order a psychological report violated state law, his claim is not cognizable.

Further, a court violates due process when it imposes a sentence based upon materially false information. *Townsend v. Burke*, 334 U.S. 736, 740 (1948) (citation omitted). Petitioner has the burden of demonstrating "first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) (citations omitted). Petitioner does not cite any false information relied upon by the Court. Rather, Petitioner maintains that the Court should have collected information beyond what was contained in the PSIR before imposing the sentence. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. Additionally, Petitioner cannot establish a due process violation when the sentence he received was consistent with his plea agreement, which prescribed a minimum sentence of not more than 200 months.

Petitioner also alleges that the trial court imposed an enhanced sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the

---

[1] MICH. CT. R. 6.425(A)(5) provides that the PSIR should include "the defendant's medical history, substance abuse history, *and, if indicated, a current psychological or psychiatric report*." (emphasis added.)

Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *See Chontos v. Berghuis*, ___ F.3d ___, 2009 WL 3734675, at *1 (6th Cir. Nov. 10, 2009) (*Apprendi* line of cases does not apply to Michigan's indeterminate sentencing scheme because judicial factfinding affects only the minimum sentence); *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See Chontos*, 2009 WL 3734675, at *1; *Tironi v. Birkett*, 252

F. App'x 724, 725 (6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

> II. THERE WAS INSUFFICIENT EVIDENCE TO SHOW DEFENDANT WAS A LEADER THUS OV 14 WAS SCORED ERRONEOUSLY AND DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE AN OBJECTION.

In his second ground for habeas relief, Petitioner contends that the trial court erred by scoring him ten points for Offense Variable (OV) 14, which concerns the offender's role.[2] Under MICH. COMP. LAWS § 777.44(1)(a), an offender is scored ten points if he is the leader in a multiple

---

[2] Petitioner's second and third grounds for habeas relief were raised for the first time in Petitioner's motion for relief from judgment, which was denied by the Michigan courts pursuant to MICH. CT. R. 6.508(D). Consequently, his second and third grounds are procedurally defaulted. *See Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004); *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). However, the Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Cone v. Bell*, 243 F.3d 961, 971 (6th Cir. 2001), *rev'd on other grounds*, *Bell v. Cone*, 535 U.S. 685 (2002); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

offender situation. The statute further provides that more than one offender may be determined to have been a leader when three or more offenders were involved. MICH. COMP. LAWS § 777.44(2)(b). Petitioner maintains that there was no evidence to support the trial court's finding that he was a "leader" in the crime. He further claims that the trial court improperly scored both he and Huston 10 points in violation of MICH. COMP. LAWS § 777.44(2)(b). Petitioner claims that with the score of 10 points for OV 14, he had a total OV score of 81 points, which gave him a guideline range of 171 to 285 months. Had he been correctly scored, Petitioner contends that he would have had a total OV score of 71 points which would have placed him at a guideline range of 135 to 225 months. While Petitioner's minimum sentence of 200 months would fall within the corrected guideline range, Petitioner argues that the trial court previously sentenced him 85 points under the top of the range, and, thus, he should receive a minimum sentence of 140 months (225 months less 85 months).

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord*

*Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend,* 334 U.S. at 741. To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

In denying Petitioner's motion for relief from judgment, the trial court first found that Petitioner's conduct during the commission of the crime showed that he likely was the leader. In support of its determination, the trial court stated:

> First, at the time of the robbery, he [Petitioner] was on probation for a similar incident. Further, he admitted that he actually got into the victim's car and took her purse. He was armed at the time and kept his weapon in plain view of the victim. He actively participated in this crime, playing a significant role. Therefore, there was enough evidence before the Court to support a determination that Defendant was the leader of this crime.

(Berrien County Circuit Court Ord., 5, Apr. 18, 2008, docket #1-4.) With regard to Petitioner's claim that the court improperly scored both Petitioner and Huston 10 points for being the leader, the trial court did not reach the merits of Petitioner's claim, stating:

> "[N]otwithstanding a misunderstanding of the law or irregularity in the proceedings," resentencing is not required if a reviewing court determines that the sentencing court would prescribe the same sentence. *People v. Schaafsma*, 267 Mich App 184, 186 (2005). Here, the 200 month minimum fell within both the guideline range as initially scored and within the guideline range if OV 14 was not scored. Also, the Defendant's own plea deal called for a minimum cap of 200 months for prison time. It is clear that this Court would have sentenced Defendant to 200 months minimum regardless of any slight difference in the OV scoring.

(*Id.* at 5-6.) Consequently, the trial court found that Petitioner's sentence was valid and that he failed to show actual prejudice under MICH. CT. R. 6.508(3)(b)(iv).

In this case, Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, the trial court's findings of fact with regard to his leadership role in the offense are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429. Petitioner does not contend that the trial court's findings of fact were materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's findings were not sufficiently supported. Such claims fall far short of the sort of egregious circumstances implicating due process. Likewise, Petitioner's due process rights were not violated when the trial court improperly scored both Petitioner and Huston as leaders. As noted by the trial court, Petitioner agreed to a minimum sentence of not more than 200 months as part of plea deal. Moreover, the trial court indicated that it would have imposed

the same sentence of 200 months even if Petitioner had not been scored as a leader under OV 14. Therefore, the state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

Petitioner further claims that his trial counsel was ineffective for failing to object to the scoring of OV 14. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The trial court rejected Petitioner's claims of ineffective assistance of trial and appellate counsel because Petitioner's sentence of 200 months was valid. (Berrien County Circuit Court Ord., 6, Apr. 18, 2008, docket #1-4.) According to Petitioner's motion for relief from

judgment, counsel argued at the sentencing hearing that Petitioner was not a leader in the offense. (Br. in Supp. of Mot. for Relief from Judgment., 3-4, docket #1-4.) Petitioner further stated in his motion that counsel was not aware at the time of sentencing that Huston also was scored 10 points under OV 14. (*Id.* at 5.) Because counsel did not know that the trial court had or was going to score both Petitioner and Huston under OV 14, his performance did not fall below an objective standard of reasonableness. "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). Nevertheless, Petitioner cannot show that he was prejudiced by the trial court's scoring of OV 14. As previously discussed, Petitioner's plea agreement proscribed only a minimum sentence of more than 200 months, and the trial court would have imposed the same sentence even if Petitioner had not been scored under OV 14. Accordingly, the decision of the trial court was a reasonable application of *Strickland*.

> III. DEFENDANT-APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO RAISE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON APPEAL

Petitioner further claims that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel with regard to the scoring of OV 14. The two-part *Strickland* test also applies to Petitioner's claim of ineffective assistance of appellate counsel. This Court concluded above that trial counsel was not ineffective because he argued against the trial court's finding that Petitioner was a leader and was not aware that the court also had or was going score Huston as a leader under OV 14. Appellate counsel's failure to raise a meritless claim does not fall below an objective level of reasonableness. *See Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004) (where claim of prosecutorial misconduct lacks merit, counsel is not ineffective in

declining to raise issue on appeal). Moreover, for the same reasons stated above, Petitioner was not prejudiced by counsel's conduct. Therefore, the trial court's rejection of Petitioner's claim was a reasonable application of *Strickland*.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: January 4, 2010                                /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE